UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Bashir Noor Elmi, | Case No. 22-cv-3073 (KMM/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Nuka Express Inc., | |
| Defendant. | |

---

Plaintiff Bashir Noor Elmi alleges that his employer, Defendant Nuka Express Inc. ("Nuka Express"), refused to pay him approximately $47,000 in wages owed. There are two problems with Mr. Elmi's complaint, however, that the Court must address.

First, it is not clear that the District of Minnesota is an appropriate venue for this litigation. Under 28 U.S.C. § 1391(b),

> [a] civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In his complaint, Mr. Elmi alleges this Court is an appropriate venue for this litigation because *he* resides in Minnesota. (*See* ECF No. 1 at 3). But a plaintiff's residency is not relevant

1

to determining venue under section 1391(b); what matters is either: (1) the defendant's residency; or, (2) the locus of the events or omissions giving rise to the litigation. If Mr. Elmi cannot establish that Nuka Express resides in Minnesota for purposes of section 1391(b), or that a substantial part of the events or omissions at issue took place in Minnesota, then this Court is likely not an appropriate venue for this lawsuit.

Second, and more importantly, it is not altogether clear that this lawsuit belongs in *any* federal court. Federal courts are courts of limited jurisdiction—that is, they have the power to adjudicate disputes only if the federal constitution and federal statute permits the court to adjudicate that dispute. *See, e.g.*, *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Mr. Elmi alleges that 28 U.S.C. § 1331 supplies original jurisdiction over this lawsuit (*see* ECF No. 1 at 3), but it is not altogether clear that Mr. Elmi's pleading presents any question of federal law. Mr. Elmi does not expressly invoke any federal statute in his complaint apart from section 1331 itself, and his claim appears to arise more naturally under state law than federal law. Nor does Mr. Elmi allege that the parties are of diverse citizenship, a requirement for invoking 28 U.S.C. § 1332(a) as a statutory basis for the Court's jurisdiction. Moreover, even if the parties are of diverse citizenship, section 1332(a) supplies a federal court with subject-matter jurisdiction only when more than $75,000 is at stake between the parties, and Mr. Elmi appears to be seeking less than that amount in damages. (*See* ECF No. 1 at 4.) This lawsuit might therefore belong in state court rather than federal court.

The Court therefore orders Mr. Elmi to show cause as to why it should not dismiss this matter without prejudice, either for lack of jurisdiction or because he filed it in an improper venue. Mr. Elmi must respond to this order to show cause within 35 days with either: (1) a memorandum explaining why the Court should not dismissal his complaint; or (2) an amended complaint curing

the problems related to jurisdiction and venue. Failure to respond within 35 days may result in dismissal of this action either for failure to prosecute, *see* Fed. R. Civ. P. 41(b), or on jurisdictional grounds, *see* Fed. R. Civ. P. 12(h)(3).

Finally, to assist Mr. Elmi in preparing his response or amended complaint, the Court will refer Mr. Elmi by separate correspondence to the Pro Se Project, a program of the Minnesota Federal Bar Association that attempts to connect unrepresented individuals with volunteer lawyers who may agree to donate time to talk about their cases. This Court encourages Mr. Elmi to seek assistance from an attorney should he intend to go forward with this lawsuit.

**SO ORDERED.**

Dated: December 30, 2022               *s/ Dulce J. Foster*
                                       Dulce J. Foster
                                       United States Magistrate Judge